UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME FOSSELMAN,<br><br>   Plaintiff,<br><br> v.<br><br>K. JACKSON, et al.,<br><br>   Defendants. | Case No. 19-cv-06118-RS (PR)<br><br>**ORDER REOPENING ACTION;**<br><br>**ORDER DIRECTING PLAINTIFF TO SERVE UNSERVED DEFENDANTS** |

  This action was stayed at plaintiff's request because he was in medical quarantine and could not participate in litigation while he was so housed. (Dkt. No. 25.) He has been released from quarantine and has filed a motion to reopen. (Dkt. No. 26.) The motion is GRANTED. The action is REOPENED. The Clerk shall modify the docket to reflect this.

  Two defendants remain unserved, the summonses having been returned unexecuted as to D. Huynh and Stanson. (Dkt. Nos. 21 and 22.) On or before **December 1, 2020**, plaintiff must either himself serve these defendants with the summons and complaint, or provide the Court with an accurate current location such that the Marshal is able to serve them. If plaintiff does not comply with these instructions by December 1, 2020, his claims against Huynh and Stanson will be dismissed. This issue was raised in a prior order (Dkt. No. 23), but the deadline for its resolution was suspended when the action was stayed.

  In cases wherein the plaintiff proceeds *in forma pauperis*, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The Court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a plaintiff who is incarcerated and proceeding *in forma*

*pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, plaintiff's complaint has been pending for over 120 days, and, consequently, absent a showing of "good cause," his claims against Huynh and Stanson are subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve the above-referenced defendants, plaintiff must remedy the situation or face dismissal of his claims against them. *See Walker*, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, plaintiff must either himself serve the unserved defendants with the summons and complaint, or provide the Court with an accurate current location such that the Marshal is able to serve such defendants. If plaintiff fails to effectuate service on, or provide the Court with an accurate current location for, Huynh and Stanson on or before December 1, 2020, plaintiff's claims against them will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Court will reinstate defendants' motion for summary judgment (Dkt. No. 14), which was filed before the stay was imposed, after the matter of serving Huynh and Stanson has been addressed satisfactorily. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

Dated: October  6 , 2020

_____
RICHARD SEEBORG
United States District Judge

ORDER REOPENING ACTION
CASE NO. 19-cv-06118-RS